CANDICE L. FIELDS
CANDICE FIELDS LAW
520 Capitol Mall, Suite 750
Sacramento, CA 95814
Telephone:  (916) 414-8050
Facsimile:   (916) 790-9450

Attorneys for Defendant
OLAMINDE BAKARE

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>OLAMIDE YUSUF BAKARE,<br><br>                    Defendant. | CASE NO.  2:21-CR-237-KJM<br><br>**NOTICE OF MOTION AND MOTION TO RE-OPEN DETENTION HEARING AND FOR RELEASE ON CONDITIONS**<br><br>Date: April 26, 2022<br>Time: 2:00 p.m.<br>Court: Hon. Allison Claire |

TO UNITED STATES ATTORNEY PHIL TALBERT and ASSISTANT UNITED STATES ATTORNEY ROBERT ARTUZ:

**PLEASE TAKE NOTICE** that, on April 26, 2022, at 2:00 p.m., defendant Olamine Bakare, by and through undersigned counsel, will move the court for to re-open the defendant's detention hearing and for release on appropriate conditions pending the trial in this matter. This date and time has been selected after consultation with AUSA Robert Artuz, and Pretrial Services Officer Ryan Garcia.  This motion is based on this notice of motion, the memorandum of points and authorities served and filed herewith, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: April 19, 2022

                                        Respectfully submitted,

                                        /s/ Candice L. Fields
                                        Attorney for Defendant
                                        OLAMINDE YOSUF BAKARE

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Olaminde Bakare is one of three defendants in *United States v. Adeyinka, et al.*, now pending in this Court as Case No. 2:21-CR-00237-KJM. Mr. Bakare has waived Indictment and has been charged by way of Information with a single count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. ECF No. 35.

Mr. Bakare was out of custody and residing in Maryland at the time of his arrest. On July 16, 2021, he made an initial appearance in the District of Maryland at which he was ordered temporarily detained. On July 21, 2021, a detention hearing was held wherein detention was ordered by agreement. It took several months to complete his transfer. On September 20, 2021, Mr. Bakare made his initial appearance in the Eastern District of California. The government moved for Mr. Bakare's detention pursuant to 18 U.S.C. § 3142(f)(1). The defense submitted on detention. The Court ordered the defendant detained pending future proceedings (order without prejudice) on the following grounds: lack of significant community for family ties to this district; significant family or other ties outside of the United States; lack of legal status in the United States; and, subject to removal or deportation after serving any period of incarceration. ECF Nos. 26, 28.

The defendant now wishes to address bail because he has recently obtained additional information to support a proposed release plan to include a secured bond, housing, and financial as well as employment assistance. This new information was not known at the time of the initial detention hearing and forms the basis for reopening the detention hearing pursuant to E.D. Local Rule 429.

/ / /

/ / /

## II.

## STATUS OF THE CASE

There is a status conference scheduled for May 23, 2022, at 9:00 a.m. before Chief Judge Mueller. ECF No. 55.

## III.

## ARGUMENT

**A.   The Court Should Release the Defendant Because He Does Not Pose A Risk That He Will Flee Or Pose A Danger to the Safety of Any Other Person or the Community.**

To continue to detain the defendant, the Court must find by clear and convincing evidence that there is no condition or combination of conditions that will assure that he will not flee or pose a danger to the safety of any other person or the community, or that he is unlikely to abide by any condition or combination of conditions of release.

Mr. Bakare is not a danger to the community, and any flight risk concerns can be addressed by having the defendant supervised by the Pretrial Services Agency and having him subject to conditions of release. The defendant would reside in Maryland with a longtime friend. This housing opportunity would place him near his young son with whom he had close ties prior to his arrest. The friend offering housing is prepared to assist Mr. Bakare financially until he can get back on his feet. A second friend is willing to assist him in finding employment. A third friend is also willing to co-sign an appearance bond. Mr. Bakare would agree to location monitoring, a curfew, and any other conditions of the release the Court would require.

**B.   Pretrial Detention Is Inappropriate in this Case.**

Pretrial detention is appropriate only in "rare circumstances." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). There is no doubt that Congress intended pretrial detention - a process that is alien to American tradition - to apply to only a "limited group of offenders." *United States v. Khashoggi*, 717 F.Supp. 1048 (SDNY 1989), citing Senate Report No. 225, 98th Congress. In fact, there is a presumption in favor of release pursuant to 18 U.S.C. § 3141(b):

> The judicial officer shall order pretrial release . . . unless the judicial officer determines that such release will not reasonably assure the appearance of that person as required or will endanger the safety of any other person or the community.

1. **Weight of Evidence.**

As detailed, above, Mr. Bakare is one of three co-defendants in a single-count Information charging Conspiracy to Commit Wire Fraud. As to his co-defendants, the government did not even seek detention; both of them have been out of custody on pretrial release, with conditions, since their initial appearances. ECF Nos. 16,18, & 19. The weight of the evidence is the least important factor in evaluating whether pretrial release is appropriate. *See United States v. Kotamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). Apparently, the government did not base its recommendation for release/detention based upon the perceived weight of the evidence since the evidence here is similar in volume and nature as to all three of the defendants.

2. **Danger.**

Mr. Bakare should not be detained as he does not pose a danger to the community. He is only accused of being part of of an EDD fraud scheme and not any crimes involving violence. Until his arrest, Mr. Bakare had two jobs, working as a barber and as an event videographer, and provided financially for his son. He had significant ties to the community and wishes to return to his community and to his friends who have stable and legitimate lifestyles and employment.

3. **Flight Risk.**

It is anticipated that the government will make much of Mr. Bakare's immigration status. However, the Ninth Circuit has held that an immigration detainer is not grounds to not grant bail. *United States v. Santos-Flores*, 794 F.3d 1088, 1092 (9th Cir. 2015). Mr. Bakare is agreeable to any condition of release, including location monitoring, drug testing, and a co-signed bond. He does not have any significant assets to support escape to his homeland of Nigeria (a dangerous location for a defendant alleged to have engaged in a conspiracy involving payments to an individual or organization there), and his young son resides in Maryland where he has many community ties as evidenced by the three supportive friends who are attempting to assist him now.

Mr. Bakare was an active parent prior to his arrest, was the primary financial support for his son, and ensured his health and wellbeing. This defendant's top priority is to return to Maryland to provide for his son and establish a long-term plan for him.

**4. Release Plan.**

Mr. Bakare is proposing the following Release Plan: 1) He will sign an appearance bond that will co-signed by a friend who is a transportation engineer; 2) He will reside with a second friend, an IT professional, in Maryland (close to his son) who will support him financially while he gets back on his feet; 3) a third friend, an event photographer, will assist him in finding employment. The names and addresses of these references will be provided to Pretrial Services. The defendant will agree to and comply with all the same conditions imposed on his co-defendants (location monitoring, curfew, etc.), as well as any other additional conditions required by the Court.

## IV.

## CONCLUSION

For the reasons stated, defendant Olaminde Bakare respectfully asks the Court to release him from custody subject to conditions of release. Mr. Bakare will always appear in Court when he is ordered to do so. He will also agree to obey all laws and follow all other conditions of release, realizing that if he does not do so, he will be returned to custody.

Dated: April 19, 2022                             Respectfully submitted,

/s/ Candice L. Fields
CANDICE L. FIELDS
Attorney for Defendant
OLAMINDE YUSUF BAKARE