UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-cr-0237 DAD CSK P |
| Respondent, | (2:24-cv-2261 DAD CSK P) |
| v. | |
| OLAMIDE YUSUF BAKARE, | FINDINGS AND RECOMMENDATIONS |
| Movant. | |

Movant is a federal prisoner proceeding without counsel with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant contends that defense counsel rendered ineffective assistance of counsel because counsel advised movant to plead guilty to a criminal case in Maryland before movant was sentenced in this case, allegedly resulting in a higher criminal history score and a higher sentence. (ECF No. 215 at 4.) After careful review of the record, the undersigned recommends that the motion be denied.

I.  BACKGROUND

On July 12, 2021, a criminal complaint was filed against movant and two co-defendants. (ECF No. 1.) On September 20, 2021, at an initial appearance, counsel was appointed for movant. (ECF No. 26.) On December 16, 2021, movant waived an indictment. (ECF No. 47.)

On December 7, 2021, a criminal information was filed against movant and two co-defendants alleging one count of conspiracy to commit wire fraud. (ECF No. 35.) The

1

conspiracy was alleged to have occurred at least as early as June 2020, and continued through in or about July 2021. (Id. at 5.)

On January 3, 2023, a plea agreement was filed. (ECF No. 112.) The plea agreement set forth the elements of the offense and the factual basis for the plea is attached to the plea agreement. (Id. at 2, 7, 13-14. ) Movant agreed to a waiver of appeal and collateral attack, waiving his right to challenge any aspect of his guilty plea, conviction and sentence. (Id. at 10.) In exchange for movant's guilty plea, the government agreed not to bring any other charges arising from the conduct outlined in the factual basis supporting the plea, and recommended that movant be sentenced at the low end of the applicable guideline range as determined by the Court. (Id. at 6.)

Following extensions of time, a change of plea hearing was held on January 18, 2023, and movant entered a plea of guilty. (ECF No. 122.) Movant acknowledged his understanding of the elements and affirmed the factual basis in open court. (ECF No. 224 at 11-12, 17.) During the plea colloquy, movant confirmed he understood he waived both his right to appeal and to collaterally attack any part of the plea and sentence in this case. (Id. at 11.) The district court found that there was a factual basis for the plea of guilty, that movant understood the nature of the charge and the consequences of his plea, that he understood his constitutional rights, and that his plea of guilty to County 1 of the information was freely and voluntarily made. (Id. at 17.)

On July 5, 2023, the Probation Office filed the final presentence investigation report, which calculated movant's criminal history as category III based on five criminal history points. (ECF No. 155 at ¶ 52.) The five points were calculated as follows:

> (a) one point for a 2019 Maryland conviction (Docket No. 49KOKXR) for misdemeanor driving under the influence of alcohol based on a December 17, 2017 arrest; a one-year probation and 60-day jail suspended sentence was imposed (id. at ¶ 46);
>
> (b) one point for a 2019 Maryland conviction (Docket No. 4D00390653) for misdemeanor fraud by ID of another based on a January 7, 2019 arrest; one-year probation and one-year confinement suspended sentence imposed; movant later violated probation, failed to appear and a warrant was issued (id. at ¶ 47);

2

        (c) one point for a 2022 Maryland conviction (Docket No. C15CR22000736) for misdemeanor display government ID of another based on a February 21, 2019 arrest; three years of probation, six months of custody (suspended all but one day), and 100 hours of community service imposed (id. at ¶ 48); and

        (d) pursuant to U.S.S.G. § 4A1.1(d),[1] two points because movant committed the instant federal offense while on probation for Docket No. 4D00390653 and a warrant was issued for his arrest (id. at ¶ 50).

Based on the criminal history category III and the total offense level of 24, Probation calculated the advisory guideline range as 63 to 78 months. (Id. at ¶ 50). Probation and the government recommended movant be sentenced to the low end of 63 months. (ECF Nos. 155-2; 169.)

        The sentencing hearing was continued multiple times. During the July 25, 2023 sentencing, the district court recognized that amendments to the sentencing guidelines were likely to occur on November 1, 2023, which would reduce movant's criminal history points from five to three because he would not receive two points for committing the federal offense while on probation, decreasing movant's criminal history category to II. (ECF No. 222 at 3-5.) The district court adopted the calculations in the presentence report, finding that under the guidelines in effect at the date of sentencing, movant's criminal history category was III, and his offense level was 24, which resulted in a guideline range of 63 to 78 months. (Id. at 11.) The district court then exercised its discretion, granted a downward variance, accounting for the anticipated amendment, and found movant's criminal history category would be II and offense level 24, resulting in a guideline range of 57 to 71 months. (Id. at 12-13.) The district court then sentenced movant to 57 months in the custody of the Bureau of Prisons. (Id. at 13.) Judgment was entered on August 1, 2023. (ECF Nos. 173, 174.) Movant did not file an appeal.

        Movant filed his pro se § 2255 motion on August 20, 2024. (ECF No. 215.) Petitioner raises four grounds for relief all related to his claim that because he was a first time offender, he

---

[1] This section was subsequently amended. Section 4A1.1(e), effective November 1, 2023, states: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e).

should not have been advised to plead guilty to a criminal charge in the state of Maryland before resolution of this federal case, because it allegedly resulted in a higher criminal history score and therefore a harsher sentence. (Id. at 4-9.) Movant asks the Court to find he was a Zero-Point offender under U.S.S.G. § 4C1.1, lower his offense level, and reduce his sentence to 46 months. (Id. at 12.)

Respondent filed an opposition on February 21, 2025. (ECF No. 229.) On May 23, 2025, movant was granted an additional thirty days to file a reply. (ECF No. 231.) Thirty days have now passed, and movant did not file a reply.

II.     THE § 2255 MOTION

A. Legal Standard

Movant seeks to vacate his sentence under 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Thus, "[u]nder 28 U.S.C. § 2255, a federal court may vacate, set aside, or correct a federal prisoner's sentence if the sentence was imposed in violation of the Constitution or laws of the United States." United States v. Withers, 638 F.3d 1055, 1062 (9th Cir. 2011).

B. Section 2255 Motion Timely

The government concedes that the § 2255 motion is timely based on the prison mailbox rule. (ECF No. 229 at 3-4 (citing Houston v. Lack, 487 U.S. 266, 276 (1988) (explaining prison mailbox rule); Douglas v. Noelle, 567 F.3d 1103, 1108-09 (9th Cir. 2009)).)

C. Waiver of Post-Conviction Review

A defendant may waive the statutory right to collaterally attack his sentence or conviction. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).[2] An appellate waiver

---

[2] A waiver does not bar a claim that challenges the validity of the waiver itself. Abarca, 985 F.2d at 1014. However, movant does not challenge the validity of the waiver in his motion.

1  "is enforceable if the language of the waiver encompasses his right to appeal on the grounds
2  raised, and if the waiver was knowingly and voluntarily made." United States v. Joyce, 357 F.3d
3  921, 922 (9th Cir. 2004).  A reviewing court looks "to the circumstances surrounding the signing
4  and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly
5  and voluntarily." United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996) (citation
6  omitted).

In this case, the language of movant's waiver was broad:

> The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum for the offense to which he is pleading guilty. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.
>
> Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.
>
> In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

(ECF No. 112 at 10.)

This language plainly states that movant gave up any right to appeal except in the event the sentence exceeded the statutory maximum, or the government appealed the sentence.  It also clearly provided that regardless of movant's sentence, he waived all potential grounds for relief under § 2255 except those that are not waivable.  The sentence imposed on movant did not exceed the statutory maximum and the government did not appeal.  Because the claims in the

5

§ 2255 motion come within the scope of the waiver, the first requirement for enforceability is satisfied.

As for the voluntariness of the waiver, both the written plea agreement and the transcript of the plea colloquy reflect that movant understood the rights he was waiving, movant had been adequately advised by counsel, and movant voluntarily chose to give up those rights -- including the right to post-conviction review -- in order to obtain the benefit of his bargain.  (See ECF No. 112 at 10; ECF No. 224 at 11.)  The district court specifically informed movant about the terms of the waiver of appeal and collateral attack.  (Id.) (see United States v. Lo, 839 F.3d 777, 784 (9th Cir. 2016)).

In the § 2255 motion, movant made no argument and offered no facts that would call into question the knowing and voluntary nature of the waiver.  (ECF No. 215, passim.)  The factual allegations in the § 2255 motion exclusively address his contention that he should not have pled guilty to the criminal charges in Maryland before the instant federal charges were resolved.  Movant makes no allegations regarding the circumstances of his plea in this case, and he did not file a reply to the government's opposition raising this issue.  Because all the circumstances before the Court indicate that the waiver was valid, the undersigned concludes that it is enforceable and the § 2255 motion should be dismissed.  See United States v. Goodall, 21 F.4th 555, 561 (9th Cir. 2021), cert. denied, 142 S. Ct. 2666 (2022).

### D.  Ineffective Assistance of Counsel

Even assuming petitioner's ineffective assistance of counsel claim is not barred by the waiver, petitioner's claim is unavailing because he was not a first time offender when the instant action was filed.

#### 1. Governing Standards

The Sixth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment guarantees a criminal defendant the right to effective assistance of counsel at trial.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To warrant habeas relief due to ineffective assistance of counsel, a movant must demonstrate that:  (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense.  Id. at 687-

93. In assessing counsel's performance, the court must apply a strong presumption that counsel's representation fell within the wide range of reasonable professional assistance. Id. at 689. Courts must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. The second prong of the Strickland test, prejudice, requires a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694-95. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." Id. The court need not address both prongs of the Strickland test if the movant's showing is insufficient as to one prong. Id. at 697.

The standards articulated in Strickland apply in the plea context. Hill v. Lockhart, 474 U.S. 52, 57 (1985). In determining the validity of a guilty plea, courts look to "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Hill, 474 U.S. at 56 (citation & quotation marks omitted). Counsel must adequately inform the defendant so that he has "the tools he needs to make an intelligent decision" regarding the plea offer. Turner v. Calderon, 281 F.3d 851, 881 (9th Cir. 2002). The prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59. In other words, movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.; see also Washington v. Lampert, 422 F.3d 864, 873 (9th Cir. 2005).

    *2. Analysis*

Movant contends he was a first time offender when the criminal complaint was filed in this case. (ECF No. 215 at 7.) Movant claims counsel was ineffective because she advised movant to waive rights for an early disposition on a criminal complaint in Maryland, resulting in movant now having a criminal history before sentencing in this federal case, and increasing the criminal history category considered at sentencing. (Id. at 4.) However, as the government argues, movant is mistaken.

The record reflects that at the time this action was filed, movant had a criminal history,

even before he pled guilty to the most recent criminal charges in Maryland in Docket No. C15CR22000736. Contrary to movant's position that he was a first time offender at the time he was charged herein, movant had already sustained two prior Maryland convictions: a 2019 Maryland conviction in Docket No. 49KOKXR for misdemeanor driving under the influence of alcohol based on a December 17, 2017 arrest, and a 2019 Maryland conviction in Docket No. 4D00390653 for misdemeanor fraud by ID of another based on a January 7, 2019 arrest. As a result of movant's prior criminal history, he did not qualify as a Zero-Point Offender because under section 4C1.1(a)(1) he would only qualify for a 2-point reduction if he had no "criminal history points from Chapter Four, Part A." U.S.S.G. Section 4C1.1(a)(1). The 2019 convictions resulted in two criminal history points, even before movant was sentenced in 2022 in Docket No. C15CR22000736.

Moreover, even if movant had not been sentenced in Docket No. C15CR22000736 at the time of his federal sentencing in July 2023, it would not have changed the outcome because his criminal history category would have remained at category III, even with a revised criminal history point score of four rather than five. (ECF No. 155 at ¶ 52.)

Therefore, because the 2022 Maryland conviction in Docket No. C15CR22000736, resulting in the addition of one criminal history point, did not change movant's criminal history category, the Court finds that counsel was not ineffective for advising movant to plead guilty to the Maryland case before resolving the federal charge. Further, there is no evidence that the result of the instant case would have been different had movant waited to plead guilty to the Maryland case (Docket No. C15CR22000736). Indeed, movant was already sentenced to a below-guideline sentence of 57 months.

Consequently, the § 2255 motion should be denied.

III.  CONCLUSION

IT IS HEREBY RECOMMENDED that:

1. The motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 215) be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:24-cv-2261

8

DAD CSK P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 30, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/baka0237.257