UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-cr-0237 DAD CSK P |
| Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| OLAMIDE YUSUF BAKARE, | |
| Movant. | |

Movant is a federal prisoner proceeding without counsel with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On August 5, 2025, movant filed a motion to amend his § 2255 motion. (ECF No. 233.) The Court recommends that the motion be denied.

I.  BACKGROUND

On December 7, 2021, a criminal information was filed against movant and two co-defendants alleging one count of conspiracy to commit wire fraud. (ECF No. 35.) The conspiracy was alleged to have occurred at least as early as June 2020, and continued through in or about July 2021. (Id. at 5.)

On August 9, 2022, movant pled guilty to misdemeanor display government ID of another based on a February 21, 2019 arrest in Maryland, in No. C15CR22000736. (ECF Nos. 229 at 5; 232 at 3.)

1

On January 3, 2023, a plea agreement was filed in this case. (ECF No. 112.) The plea agreement set forth the elements of the offense and the factual basis for the plea is attached to the plea agreement. (Id. at 2, 7, 13-14.) Movant agreed to a waiver of appeal and collateral attack, waiving his right to challenge any aspect of his guilty plea, conviction and sentence. (Id. at 10.) In exchange for movant's guilty plea, the government agreed not to bring any other charges arising from the conduct outlined in the factual basis supporting the plea, and recommended that movant be sentenced at the low end of the applicable guideline range as determined by the court. (Id. at 6.)

On January 18, 2023, movant entered a plea of guilty. (ECF No. 122.) Movant acknowledged his understanding of the elements and affirmed the factual basis in open court. (ECF No. 224 at 11-12, 17.) During the plea colloquy, movant confirmed he understood he waived both his right to appeal and to collaterally attack any part of the plea and sentence in this case. (Id. at 11.) The district court found that there was a factual basis for the plea of guilty, that movant understood the nature of the charge and the consequences of his plea, that he understood his constitutional rights, and that his plea of guilty to County 1 of the information was freely and voluntarily made. (Id. at 17.)

On August 1, 2023, movant was sentenced to 57 months in the custody of the Bureau of Prisons. (Id. at 13.) Judgment was entered on August 1, 2023. (ECF Nos. 173, 174.) Movant did not file an appeal.

Movant filed a pro se § 2255 motion on August 20, 2024. (ECF No. 215.) Petitioner raised four grounds for relief all related to his claim that because he was a first time offender, he should not have been advised to plead guilty to a criminal charge in the state of Maryland before resolution of this federal case, because it allegedly resulted in a higher criminal history score and therefore a harsher sentence. (Id. at 4-9.) Movant asked the court to find he was a Zero-Point offender under U.S.S.G. § 4C1.1, lower his offense level, and reduce his sentence to 46 months. (Id. at 12.) Respondent filed an opposition on February 21, 2025. (ECF No. 229.) On May 23, 2025, movant was granted an additional thirty days to file a reply. (ECF No. 231.) Thirty days passed, and movant did not file a reply.

On July 30, 2025, the undersigned issued findings and recommendations, and recommended that the § 2255 motion be denied. On August 5, 2025, movant filed a motion to amend the § 2255 motion. (ECF No. 233.)

II.     MOTION TO AMEND

Contrary to his prior argument, movant now concedes that he could not have been found eligible to be sentenced as a U.S.S.G. 4C1 "zero point" offender. (ECF No. 233 at 3.) But movant "stands firm" on his position that defense counsel failed in arguing movant's criminal history. (Id.) It appears movant now claims that he involuntarily entered a guilty plea under the belief that criminal histories are calculated by only certain misdemeanor offenses and defense counsel advised movant that none would apply to movant. (Id. at 4.)

A. Legal Standards

Generally, a habeas petition or § 2255 motion may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; see also Rule 12, 28 U.S.C. foll. § 2255 ("[t]he Federal Rules of Civil Procedure . . . may be applied to a [§ 2255] proceeding."); Perez-Serrano v. United States, 2007 WL 1834880, at *2 (E.D. Cal. June 26, 2007) (citation omitted) ("The Federal Rules of Civil Procedure apply to motions to amend habeas corpus motions.").

A party may amend its pleading once as a matter of course no later than 21 days after serving it; or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave which the court should freely give when justice so requires. Fed. R. Civ. P. 15(a)(2).

An amendment of a habeas petition or § 2255 motion generally will not be permitted if the applicable one-year statute of limitations has run. 28 U.S.C. § 2255 (f)(1); Perez-Serrano, 2007 WL 1834880, at *2 (citation omitted). The one-year statute of limitations applicable to § 2255 motions begins to run as of the "date on which the judgment of conviction bec[ame] final," unless a later start date is triggered by another provision of § 2255(f).

3

If the statute of limitations has run, a proposed amendment relates back "to the date of the original pleading," if the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); see also Ioane v. United States, 2015 WL 1249791, at *1 (E.D. Cal. Mar. 18, 2015) (citing Mayle v. Felix, 545 U.S. 644, 664 (2005)) ("[p]roposed amendments may be considered timely under Federal Rule of Civil Procedure 15(c) after the one-year statute of limitations has run if the amendments relate back to the original claims [ ] so long as the original and amended petitions state claims that are tied to a common core of operative facts. . . .").

B. Calculation of Statute of Limitations

The Antiterrorism and Effective Death Penalty Act provides a one-year statute of limitations that begins to run at the latest of: (1) the date the judgment of conviction becomes final, (2) the date on which a government-created impediment to bringing a § 2255 action is removed, (3) the date on which a right to bring the action was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(1)-(4).

Movant was convicted on August 1, 2023, and did not file an appeal. A conviction becomes final "upon the expiration of the time during which [movant] could have sought review by direct appeal." United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Because movant did not file an appeal, his conviction became final fourteen days after he was sentenced. Fed. R. App. P. 4(b)(1)(A)(i) (2009) (defendant in a criminal case must file a notice of appeal within fourteen days of the entry of judgment). Therefore, the one-year deadline expired on August 15, 2024, one year after the ten day period expired on August 15, 2023. The motion to amend, filed August 5, 2025, was filed almost one year after the statute of limitations expired.

C. Relation Back

Because movant's proposed new ineffective assistance of counsel claim is now time-barred, he may amend to include such claim only if the new claim relates back to claims raised in the instant § 2255 motion. A new claim does not "relate back" to an existing claim simply

4

because it arises from "the same trial, conviction or sentence." Mayle, 545 U.S. at 646. A new claim relates back to an existing claim if the two claims share a "common core of operative facts." Id. Claims share a common core of operative facts if the litigant "will rely on the same evidence to prove each claim." Williams v. Boeing Co., 517 F.3d 1120, 1133 (9th Cir. 2008). But an amendment "does not relate back (and thereby escape [the statutory] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle, 545 U.S. at 650. If the claim is not timely under the AEDPA or the relation-back doctrine, it may not be added. Id.

The new grounds for relief asserted in the motion to amend differ in type. That defense counsel misadvised movant that none of his prior misdemeanor convictions would impact the criminal history calculation in this case differs from movant's original contention that defense counsel misadvised movant to plead guilty to the Maryland charges before the instant case was adjudicated and deprived him of a Zero point offender category. Defense counsel's advice would be based on different evidence: the charges in Maryland and how the adjudication of those charges would impact the federal charges in this case. Defense counsel's advice as to how movant's three prior misdemeanor convictions would impact the calculation of his criminal history in this case differs from the focus on the Maryland charges.

In addition, the new claim differs in time. That movant pled guilty to the Maryland offense on August 9, 2022, demonstrates that defense counsel's advice as to the Maryland plea took place prior to that 2022 conviction, which is the claim raised in the original motion. Defense counsel's advice concerning the impact of the three misdemeanor convictions on movant's criminal history in this federal case could not have taken place until plaintiff's charges in the Maryland case were adjudicated, and thus would have taken place some time between the August 9, 2022 guilty plea in the Maryland case, and January 3, 2023, when the plea agreement was filed in this case. (ECF No. 112.) Thus, the Court finds that petitioner's proposed new claim would not relate back to the claims in the original § 2255 motion because the new claim differs in "both time and type from those the original pleading." Mayle, 545 U.S. at 650.

///

1        Because movant's proposed new claim is barred by the statute of limitations, and does not

2  relate back to the claims in the original motion, the motion to amend should be denied.

3  III.    CONCLUSION

4        Accordingly, IT IS HEREBY RECOMMENDED that movant's motion to amend (ECF

5  No. 233) should be denied as untimely.

6        These findings and recommendations are submitted to the United States District Judge

7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8  after being served with these findings and recommendations, any party may file written

9  objections with the court and serve a copy on all parties.  Such a document should be captioned

10 "Objections to Magistrate Judge's Findings and Recommendations."  If movant files objections,

11 he shall also address whether a certificate of appealability should issue and, if so, why and as to

12 which issues.  Any response to the objections shall be served and filed within fourteen days after

13 service of the objections.  The parties are advised that failure to file objections within the

14 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

15 F.2d 1153 (9th Cir. 1991).

16

17 Dated:  November 3, 2025

18                                                                     CHI SOO KIM
                                                                    UNITED STATES MAGISTRATE JUDGE

19 /1/baka0237.2255.sol.mta