UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>OLAMIDE YUSUF BAKARE,<br><br>Defendant/Movant. | No.  2:21-cr-0237 DAD CSK P<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING § 2255 MOTION AND MOTION FOR LEAVE TO AMEND<br><br>(Doc. Nos. 215, 233) |

Defendant Bakare ("Movant") is a federal prisoner proceeding *pro se* with a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  (Doc. No. 215.)  In addition, movant has filed a motion seeking leave to amend his § 2255 motion.  (Doc. No. 233.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 30, 2025, the assigned magistrate judge issued findings and recommendations recommending that the § 2255 motion be denied.  (Doc. No. 232.)  Specifically, the magistrate judge concluded that pursuant to his plea agreement movant had waived the ineffective assistance of counsel claim presented in the pending motion and, even if he had not, the claim lacked merit because movant had failed to establish prejudice as required since the issue about which he complained would not have changed either the sentencing guideline range calculation or the sentence imposed in his case.  (*Id.* at 4-8.)  On November 3, 2025, magistrate judge issued

1

findings and recommendations recommending that movant's motion for leave to file an amended § 2255 motion (Doc. No. 233) also be denied.  (Doc. No. 237.)  As to that motion, pursuant to which movant proposed asserting a new ineffective assistance of counsel claim based upon his counsel's purported failure to accurately advise him of his criminal history score under the advisory sentencing guidelines, the magistrate judge concluded that this new claim was barred by the AEDPA's one–year statute of limitations.  (*Id.* at 3–6.)

Both of the pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (Doc. Nos.  232 at 9; 237 at 6.)  To date, no objections to either of the findings and recommendations have been filed[1], and the time in which to do so has now long since passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1.    The findings and recommendations issued on July 30, 2025, and those issued on November 3, 2025 (Doc. Nos. 232, 237) are adopted in full;

2.    Movant's August 20, 2024 motion for relief under 28 U.S.C. § 2255 (Doc. No. 215) is denied;

3.    Movant's August 5, 2025 motion for leave to file an amended § 2255 motion (Doc. No. 233) is denied; and

/////

/////

/////

/////

---

[1]  On February 2, 2026, movant filed with the court a motion for return of property pursuant to Rule 41 of the Federal Rules of Criminal Procedure seeking the return of his Nigerian passport which he suggests was seized during the investigation of this case.  (Doc. No. 238.)  The court will direct the government to briefly respond to that pending motion, or indicate its non-opposition to it being granted.  Once that pending motion is resolved, the court will direct the Clerk of the Court to close this case.

2

4.    The government is directed to respond to movant's February 2, 2026 motion for the return of his Nigerian passport within seven (7) days of the date of service of this order.

IT IS SO ORDERED.

Dated:    **February 16, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE